IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES R. STITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:12-cv-02306-JHH-RRA |
| | ) |
| TONY GLENN, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OF OPINION

The magistrate judge filed a report on December 11, 2012, recommending that this action be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The plaintiff submitted a response in which he asked the court to review the ruling by the Alabama Court of Criminal Appeals which found that the defendant failed to afford the plaintiff effective assistance of counsel in his state criminal case. Implying that a conspiracy existed between the defendant and the state, the plaintiff contends that the Court of Criminal Appeals' ruling shows that the state and the defendant "tr[ied] to double [his] sentence" with respect to a first-degree sodomy charge in the Marion County Circuit Court.[1]  However, a reading of the opinion by the Court of Criminal Appeals shows no such thing. In that opinion, the Court of Criminal Appeals merely found that the defendant, acting as the plaintiff's criminal defense counsel, failed to

---

[1] The plaintiff attaches a copy of a letter from the Alabama Court of Criminal Appeals which indicates that the case number of his appeal is CR-09-0754. In the reporter, that case number corresponds to the decision found at *Stith v. State of Alabama*, 76 So.3d 286 (Ala. Crim. App. 2011).

properly advise him that "good time" credit was not available to a prisoner who is convicted of a Class A felony.[2] There is nothing in that decision which bolsters a contention that the defendant conspired with state actors to violate the plaintiff's Constitutional rights.

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the response thereto, the Court is of the opinion that the magistrate judge's report is due to be and hereby is ADOPTED and the recommendation is ACCEPTED.  This action is therefore due to be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief can be granted.  A Final Judgment will be entered.

**DONE** this the   10th   day of January, 2013.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] According to the Court of Criminal Appeals' written decision, the plaintiff had initially been offered a plea agreement under which he would plead guilty in return for a "20-year prison sentence, split to serve 5 years." 76 So.3d at 287.  However, the plaintiff chose to accept a 10-year "straight" sentence under the theory that he would presumably serve less than five years because of a mistaken belief that he would earn "good time" credit. *Id*. at 292.  Because the plaintiff chose to enter into a plea agreement under this erroneous assumption, the Court of Criminal Appeals found that the defendant had failed to provide effective assistance of counsel when he failed to advise the plaintiff that the Alabama statute does not allow for the accrual good time credit for persons convicted of Class A felonies. *Id*. at 292-93.  The Court concluded that the defendant was "apparently unaware of the legal effect of [the statute]" when he failed to warn the plaintiff that good time credit would not be available.